**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IFEOMA EZEKWO,

        Plaintiff,

v.

JUDGE ADAM JACOBS *et al.*,

        Defendants.

Civil Action No. 22-2980 (MAS) (JBD)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on two Motions to Dismiss filed by: (1) Defendants The Honorable Adam Jacobs ("Judge Jacobs"), The Honorable Randall Chiocca ("Judge Chiocca"), The Honorable Richard S. Hoffman ("Judge Hoffman"), and The Honorable Ronald Susswein ("Judge Susswein") (collectively, "Judiciary Defendants") (ECF No. 14); and (2) Defendant Sheriff Richard Berdnik ("Sheriff Berdnik") (together with Judiciary Defendants, "Defendants") (ECF No. 15). Pro se Plaintiff Ifeoma Ezekwo ("Ezekwo") opposed (ECF No. 24), and Defendants replied (ECF Nos. 26, 28). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, Defendants' Motions are granted.

**I.   BACKGROUND**

    Ezekwo is no stranger in this District. As one court noted, Ezekwo is "[w]ithout a doubt" a "frequent filer" who "routinely and frequently submits filings that are unintelligible, duplicative,

and aggressive towards the Judges presiding over [her] numerous cases."[1] *Ezekwo v. Caliber Home Loans, Inc.*, No. 21-9936, 2022 WL 1553331, at *2 (D.N.J. May 17, 2022) (providing a non-exhaustive list of ten other cases that Ezekwo filed in this District).

The present matter is more of the same. After losing in a state foreclosure action, Ezekwo filed this lawsuit against Defendants, the judges, and the sheriff that handled her state case. Ezekwo accuses Defendants of colluding with her adversaries and their attorneys to steal her home. (*See* Compl. ¶¶ 13-26.) In that regard, the Complaint mentions two court proceedings.[2]

In one, held in October 2021, Judge Chiocca denied Ezekwo's Motion to Stay a scheduled sheriff's sale. (*See id.* ¶¶ 71-80.) According to the Complaint, Judge Chiocca had a "conflict of interest, for having heard the case before" and "did not want to consider the new evidence before him." (*Id.* ¶ 71.) In a subsequent proceeding, held in April 2022, Judge Jacobs denied what appears to have been a Motion to Stay a writ of possession. (*Id.* ¶ 20.) The Complaint asserts that Judge Jacobs "came to that hearing with one intension [sic] in mind, to corruptly allow falsehoods, misinformation, misogyny and lies and hyperbole on the record by" the opposing party's attorney. (*Id.* ¶ 20.) The Complaint rambles on, "Judge Jacob was essentially 'cooking the books' on [Z]oom, violating and insulting [Ezekwo], cutting her off . . . so that he . . . [could] falsely justify his ruling and deny . . . Ezekwo her right to pay for [her] home and keep her home which she is willing and able to do." (*Id.*)

---

[1] Consequently, the Honorable Chief Judge Renee Bumb ("Judge Bumb") issued a preclusion order to bar Ezekwo from filing any new action that is *related* to one of the many other actions that Ezekwo has filed in this District without court approval. (Am. Preclusion Order, ECF No. 4.) Ezekwo appears to have named Judge Bumb as a Defendant in this case for having issued the preclusion order. (*See* Compl. ¶ 26, ECF No. 1.)

[2] The rest of the Complaint is largely devoted to the alleged misconduct of non-parties. (*See* Compl. ¶¶ 29-69.)

Ezekwo commenced this action on May 23, 2022, seeking a declaratory judgment that she is the rightful owner of the property and two billion dollars in damages, among other relief. (*Id.* 45.) In November 2022, Defendants moved to dismiss. (ECF Nos. 14, 15.)

## II.     LEGAL STANDARD

### A.     12(b)(1) Motion to Dismiss

"A motion to dismiss . . . for lack of subject matter jurisdiction made prior to the filing of the defendant's answer is a facial challenge to the complaint." *Bennett v. City of Atl. City*, 288 F. Supp. 2d 675, 678 (D.N.J. 2003) (citations omitted). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citation omitted).

### B.     12(b)(6) Motion to Dismiss

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Importantly, on a Rule 12(b)(6) motion to dismiss, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" *Erickson v. Pardus*, 551 U.S. 89, 94

(2007) (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [she] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.  DISCUSSION

#### A.  Pleading Deficiencies

As a preliminary matter, the Court notes that approximately half of the forty-seven-page Complaint consists of incomprehensible allegations that are riddled with citations to case law and argument.[3] (*See* Compl. 21-44.) This is inappropriate for a complaint. *See Hedrick v. United States*, No. 20-1730, 2020 WL 6391192, at *2 (D.N.J. Nov. 2, 2020) (citation omitted) ("Citations to case law and other statutes are not appropriate in the complaint, but rather may be included in a response to a dispositive motion or at the time of trial.").

The Complaint also contains impermissible group pleadings. That is, aside from the above-mentioned allegations relating to Judge Jacobs and Judge Chiocca, the Complaint fails to specify what each of the specific Defendants allegedly did. Instead, the Complaint groups all Defendants together without distinguishing any of the relevant factual allegations. (*See id.* ¶¶ 103-120; *see, e.g.*, ¶ 112 ("The Defendants (Judge Jacobs, Judge Bumb, Judge Hoffman, Judge Susswein, Judge Chiocca and Richard H. Berdnik) . . . have committed crimes that merit imprisonment."); *id.* ¶ 115 ("The Defendants (Judge Jacobs, Judge Bumb, Judge Hoffman, Judge Susswein, Judge Chiocca and Richard H. Berdnik) . . . must all be background checked for secret

---

[3] The Court declines to consider the proposed amended complaint that Ezekwo improperly submitted. (*See* ECF No. 25.) The proposed amended complaint is as verbose, confusing, and conclusory as the original Complaint.

4

affiliations.").) Such group pleading is also inappropriate and grounds for dismissal in part because "when defendants are grouped together, a court cannot determine whether a complaint has set forth plausible allegations as to each particular defendant." *Murray v. County of Hudson*, No. 17-2875, 2018 WL 3000333, at *4 (D.N.J. June 15, 2018) (collecting cases).

### B.   Defendants Are Immune from Suit

The above pleading deficiencies aside, the Complaint must be dismissed because Defendants are immune from suit. It is well-settled that judges are absolutely immune to "civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978)). Similarly, public officials are entitled to quasi-judicial immunity for actions taken in the exercise of judicial functions. *See Catanzaro v. Davis*, 686 F. App'x 91, 94 (3d Cir. 2017) (explaining that "any public official acting pursuant to court directive is also immune from suit" (citation omitted)).

Here, from what the Court can discern, the allegations against the Judiciary Defendants arise from their acts while presiding over Ezekwo's state foreclosure action, and the allegations against Sheriff Berdnik arise from his acts while enforcing the resulting judgment. So, to the extent any claims are stated against Defendants, they are for acts carried out in the performance of judicial duties. The Court, therefore, dismisses the claims against Defendants.

### IV.   CONCLUSION

For the above reasons, the Court grants Defendants' Motions to Dismiss. An Order consistent with this Memorandum Opinion will follow.

*[signature]*

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

5